IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MARCUS ATKINS,

    Petitioner,

v.                                                               Civil Action No. 3:18CV853

COMMONWEALTH OF VIRGINIA,

    Respondent.

## MEMORANDUM OPINION

Marcus Atkins, a Virginia inmate proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254. Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston*, 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding.

Petitioner's submissions failed to indicate that he had presented his claims for relief to the Supreme Court of Virginia by either direct review or by collateral review. Accordingly, by Memorandum Order entered on February 14, 2019, the Court directed Petitioner to show cause, within eleven (11) days of date of entry hereof, as to why his § 2254 Petition should not be dismissed for lack of exhaustion. Petitioner has not responded. Thus, Petitioner fails to demonstrate he has exhausted his state remedies. Accordingly, Petitioner's § 2254 Petition and

the action will be DISMISSED WITHOUT PREJUDICE. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 18 March 2019
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge